UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN H. LEHNERR, pro se, | ) | CIV. 04-4088-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SUNWISE SYSTEMS INC., | ) | ORDER GRANTING |
| d/b/a/ DAKOTA PLATING, a | ) | DEFENDANTS' MOTIONS |
| corporation, FORTIS BENEFITS | ) | FOR SUMMARY JUDGMENT |
| INSURANCE COMPANY, a | ) | |
| corporation, and PRINCIPAL LIFE | ) | |
| INSURANCE COMPANY, a | ) | |
| corporation | ) | |
| | ) | |
| Defendants. | ) | |

Defendants, Sunwise Systems, Inc., Fortis Benefits Insurance Company, and Principal Life Insurance Company, move for summary judgment. Plaintiff, John H. Lehnerr, failed to respond to the motions. After careful consideration, the motions are granted.

**BACKGROUND**

Defendants filed statements of undisputed material facts with their motions for summary judgment. Local Rule 56.1(C) of the Local Rules for the United States District Court for the District of South Dakota provides that the party opposing a motion for summary judgment "shall respond to each numbered paragraph in the moving party's statement [of material

facts] with a separately numbered response and appropriate citations to the record." All material facts that are not disputed by the nonmoving party are deemed to be admitted. L.R. 56.1(D). See also Northwest Bank & Trust Co. v. First Illinois Nat'l Bank, 354 F.3d 721, 724-25 (8th Cir. 2003) (holding it was not an abuse of discretion to deem that plaintiff had admitted all of defendants' statements of material facts as a sanction for noncompliance with local summary judgment rules). The court, therefore, finds that Lehnerr has admitted all of the material facts contained in defendants' statements of undisputed material facts.

    Lehnerr worked for Sunwise in 2001. Sunwise provided health insurance to its employees through Principal until June 15, 2001. After June 15, 2001, Sunwise employees were covered by Fortis Benefits Insurance Company. Lehnerr completed an employee enrollment form for the Fortis health plan on May 22, 2001. Sunwise advised its employees of the cancellation of the Principal health plan on June 2, 2001. Lehnerr received notice of the change in a letter enclosed with his paycheck on June 18, 2001.

    Lehnerr alleges that prior to June 18, 2001, he applied to Principal for coverage of a sinus procedure called radiofrequency turbinate reduction. He alleges that Principal approved it on June 25, 2001, and that Fortis represented to him that his coverage by Principal would not be reduced.

Lehnerr contends that based on the approval of his application by Principal and Fortis's assertion that his coverage by Principal would not be lessened, he underwent the sinus procedure on June 28, 2001, and incurred medical expenses of $24,529.10.  On June 14, 2004, Lehnerr filed a complaint seeking a declaratory judgment to determine which party is responsible for his medical expenses.

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) on all of Lehnerr's claims.

## LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56.  Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Summary judgment is not appropriate if a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Id.

The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980). The nonmoving party may not, however, merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise showing that a genuine issue exists. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002).

## DISCUSSION

The Employment Retirement Income Security Act (ERISA) authorizes a participant in an employee health plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). See also Thompson v. Gencare Health Systems, Inc., 202 F.3d 1072, 1073 (8th Cir. 2000). Lehnerr alleges that the medical insurance that Sunwise provided for him was an employee benefit for purposes of ERISA, and he filed this lawsuit to declare the rights between the parties regarding the medical expenses for his sinus procedure.

4

1.   **Principal Life Insurance Company**

Principal contends that it is not responsible for Lehnerr's medical bills because he was not insured with Principal when he had the sinus procedure. Pursuant to the terms of the Principal health care plan, Lehnerr would qualify for payment of benefits only if he was "insured in that class on the date medical Treatment or Service is <u>received</u>." Def. Ex. D (emphasis added). Lehnerr does not dispute that he had the operation on June 28, 2001, after he was no longer a participant in the Principal medical plan.

Principal gave Lehnerr conditional preauthorization for the procedure on June 25, 2001. Lehnerr does not dispute that the preauthorization was conditioned on his eligibility for benefits at the time the operation was performed. <u>See</u> Def. Ex. E. By the plain language of the letter, preauthorization does not guarantee payment for the procedure, because it is conditioned on Lehnerr's eligibility for benefits and all the other plan provisions. <u>Id.</u> <u>See also</u> <u>Tomczyk v. Blue Cross & Blue Shield United of Wisconsin</u>, 951 F.2d 771, 774-75 (7th Cir. 1991). Furthermore, the letter provides that payment may also be denied after surgery is performed if the procedure is found to be cosmetic or not medically necessary. Def. Ex. E. Lehnerr has not offered any evidence to show a genuine issue of material fact as to Principal's liability for the bill. Accordingly, the court grants Principal's motion for summary judgment.

**2.      Fortis Benefits Insurance Company**

Lehnerr alleges that Fortis failed to pay his claim for the radiofrequency procedure, and that he incurred medical expenses of $24,529,10.  Fortis's records indicate that it paid Lehnerr's physicians $6,498.77 for an operation that Lehnerr had on June 29, 2001.[1]  Def. Ex. B at 3, 4, 7, 9.  Lehnerr was responsible for $9000.32.  Id. at 3, 7.  Lehnerr has cited no evidence that this payment differed in any way from what he was entitled to under the health plan, or any other evidence raising a genuine issue of material fact as to Fortis's responsibility for the unpaid portion of the bill.  Accordingly, the court grants Fortis's motion for summary judgment.

**3.      Sunwise Systems, Inc.**

Sunwise provided health insurance to its employees.  Lehnerr admitted in his complaint that he applied to Fortis for coverage on May 22, 2001, and that Sunwise notified him on June 18, 2001, that Fortis became the employee health insurance provider on June 15, 2001.  Compl. at ¶ 9.  Lehnerr has not introduced any evidence that Sunwise breached a fiduciary duty or violated ERISA in any way.  Thus, there is no genuine issue of

---

[1] Lehnerr and Principal allege that the operation took place on June 28, 2001.  Whether it was June 28 or June 29 of 2001 is not material because it would not affect the apportionment of the bill in this case.  Fortis became the insurance carrier for Lehnerr on June 15, 2001.

material fact as to Sunwise. The court grants Sunwise's motion for summary judgment.

Accordingly, it is hereby

ORDERED that defendants' motions for summary judgment (Docket 32, 35 and 41) are granted. Fortis's motion for additional sanctions (Docket 44) is denied as moot.

Dated July 5, 2005.

                                    BY THE COURT:

                                    */s/ Karen E. Schreier*
                                    KAREN E. SCHREIER
                                    UNITED STATES DISTRICT JUDGE